UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Respondent <br><br> v. <br><br> AMANDA LYNN SMITH, <br><br> Defendant-Movant. | Case No. 1:13-cv-00145-BLW <br> 1:11-cr-00027-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Pending before the Court is Amanda Lynn Smith's ("Smith") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) (Crim. Dkt. 166). Having reviewed the Motion and the underlying record, the Court enters the following Order denying the Motion and finding her Motion Requesting Disposition of 28 U.S.C. 2255 (Civ. Dkt. 10) and Motion to Move This Honorable Court to Move Forward (Civ. Dkt. 11) moot.

### BACKGROUND

Smith pleaded guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine in exchange for dismissal of a charge of distributing 50 grams or more of a mixture and substance containing methamphetamine.

**MEMORANDUM DECISION AND ORDER - 1**

*Amended Rule 11 Plea Agreement*, Crim. Dkt. 104; *Minutes*, Crim. Dkt. 106.  Pursuant to the Report and Recommendation of United States Magistrate Ronald E. Bush, this Court accepted her plea.  *Report and Recommendation*, Crim. Dkt. 107; *Order Adopting Report and Recommendation*, Crim. Dkt. 114.  On October 17, 2011, the Court imposed a below-guideline sentence of 240 months (based on a guideline range of 324-405 months) to be followed by five years of supervised release, and Judgment was entered on October 18, 2011.  *Sentencing Minutes*, Crim. Dkt. 147; *Judgment*, Crim. Dkt. 148.  Smith did not appeal her sentence or conviction.  On March 19, 2013, Smith filed the pending § 2255 Motion.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  In order to proceed on a § 2255 motion, the movant must make "*specific factual allegations* that, if true, state a claim on which relief could be granted."

**MEMORANDUM DECISION AND ORDER - 2**

*United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citation omitted) (emphasis added). "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

A § 2255 motion must be brought within one year of the latest of the following possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where a movant unsuccessfully appeals his conviction or sentence but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final at the expiration of the time for filing such a petition. *United States v.*

**MEMORANDUM DECISION AND ORDER - 3**

*Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citations omitted).  Where a movant does not appeal, the conviction becomes final at the expiration of the time for filing a direct appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  *Id*.  Rule 4 requires that defendant in a criminal case file a notice of appeal within fourteen (14) days of entry of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).

## DISCUSSION

In her Motion, Smith alleges, based on *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), that defense counsel provided constitutionally deficient representation regarding the nature and consequences of her guilty plea that induced her to plead guilty rather than to proceed to trial.  More specifically, Smith alleges that counsel advised her, among other things, that she would receive a sentence of less than ten years based on her mental condition if she pleaded guilty.  *§ 2255 Motion* at 10.  She further alleges that "there is a reasonable possibility that she would have proceeded to a jury trial if she had known that she was facing a 240 month sentence."  *§ 2255 Motion* at 11.  Claiming that she received no benefit or advantage under the Plea Agreement, Smith requests that she "be allowed to plea anew."  *§ 2255 Motion* at 15-16.

In its Response, the Government urges dismissal of the § 2255 Motion on the grounds that it is untimely, that Smith waived her right to file it, and that counsel's performance was not deficient.  *Response*, Civ. Dkt. 7.  In her Reply, Smith claims that her § 2255 Motion is timely based on 28 U.S.C. § 2255(f)(3), that her waiver was not

**MEMORANDUM DECISION AND ORDER - 4**

applicable because *Frye* and *Lafler* were not available until March 21, 2012, that she based her decision to plead guilty based on counsel's erroneous advice, and that she has made specific factual allegations that if true would entitle her to relief thus entitling her to an evidentiary hearing. *Reply*, Civ. Dkt. 8.

As stated above, Judgment was entered against Smith on October 18, 2011, and Smith did not appeal that Judgment. Therefore, her conviction became final fourteen (14) days later on November 1, 2011, and the deadline for filing a § 2255 motion became November 1, 2012. Smith, however, did not file her § 2255 Motion until March 19, 2013, over four months after the deadline had passed. Thus, her § 2255 Motion was untimely pursuant to 28 U.S.C. § 2255(f)(1).

Apparently recognizing its untimeliness under that subsection, Smith argues the applicability of § 2255(f)(3) based on *Frye* and *Lafler*. This argument fails. The Ninth Circuit has held that neither Supreme Court case decided a new rule of constitutional law but rather "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in [*Strickland*] and established in the plea-bargaining context in [*Hill*]." *United States v. Buenrostro*, 697 F.3d 1137, 1140 (9th Cir. 2012) (citations omitted). Furthermore, neither *Frye* not *Lafler* is applicable to Smith's circumstances. *Frye* involved a lapsed plea offer that had not been communicated to the defendant. *Lafler* involved a claim of ineffective assistance of counsel that resulted in rejection of a plea offer and subsequent conviction at trial. Defense counsel did not fail

**MEMORANDUM DECISION AND ORDER - 5**

to communicate a plea offer to Smith. Nor did Smith did reject a plea offer and proceed to conviction at trial.

## CONCLUSION

Smith's § 2255 Motion is untimely under both 28 U.S.C. § 2255(f)(1) and § 2255(f)(3) and thus subject to dismissal. Accordingly, the Court need not address Smith's substantive claims or the Government's waiver defense.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision that Smith's § 2255 Motion was untimely to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Amanda Lynn Smith's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) is **DENIED** and **DISMISSED** in its entirety.

2. No certificate of appealability shall issue. Smith is advised that she may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, she must file a timely notice of appeal.

3. If Smith files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

4. Smith's Motion Requesting Disposition of 28 U.S.C. 2255 (Civ. Dkt. 10) and Motion to Move this Honorable Court to Move Forward on Movant's 28 U.S.C. 2255 Motion (Civ. Dkt. 11) are **MOOT**.

DATED: March 22, 2016



B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 8**