UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA LYNN SMITH,<br><br>Defendant. | Case No. 1:11-cr-00027-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Ms. Smith's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2). Dkt. 177. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Ms. Smith pled guilty to, and was convicted of, conspiracy to distribute methamphetamine. Dkt. 99, 144. The presentence investigation report (PSR) held Ms. Smith responsible for 1,592.7 grams of methamphetamine mixture, of which 1,437 grams were pure methamphetamine. *PSR* ¶ 47. The PSR calculated Smith's base offense level of 36 under § 2D1.1(c)(2) of the guidelines. Smith received a 2-level enhancement for possession of a firearm, and a 2-level enhancement for

being a organizer or leader in the criminal activity. *Id.* ¶¶ 49, 51. Smith then received a 3-level reduction for acceptance of responsibility resulting in an adjusted total offense level of 37. With a criminal history category III and offense level of 37, Ms. Smith's guideline range as calculated by the PSR was 262 to 327 months.

On October 18, 2011, the Court sentenced Ms. Smith. Dkt. 147. At the sentencing hearing the Court sustained the Government's objection to the PSR and applied a 2-level enhancement for obstruction of justice. This resulted in a final adjusted total offense level of 39, and a guideline range of 324 to 405 months. *Id.* The Court then found that the 3553(a) factors warranted a sentence outside the guideline range and sentenced Smith to 240 months. *Id.*

Smith now seeks a reduction of her sentence under 18 U.S.C. 3582(c) and Amendment 782. In 2014 the U.S. Sentencing Commission approved Amendment 782 to the U.S. Sentencing Guidelines, which lowered the sentencing range by two levels for most drug offenses. Under Amendment 788, Amendment 782 applies retroactively. U.S.S.G. app. C, amend. 788.

## ANALYSIS

Ordinarily, a court cannot change a sentence after it has been imposed. But 18 U.S.C. § 3582(c) creates an exception when a defendant is sentenced based on a

**MEMORANDUM DECISION AND ORDER - 2**

guidelines range that is subsequently lowered by an amendment to the United States Sentencing Guidelines. *See United States v. Mercado-Moreno*, 869 F.3d 942, 948 (9th Cir. 2017). After Amendment 782, Smith's base offense level is 34 instead of the original 36, as calculated at the time of her sentencing. U.S.S.G § 2D1.1.

The problem here is that the Commission imposed restrictions on a court's ability to reduce a drug sentence, and those restrictions prevent the Court from reducing Smith's sentence. The first restriction is found in the text of Guidelines § 1B1.10, which prohibits courts from reducing a defendant's sentence to less than the low end of the amended guideline. See USSG § 1B1.10(b)(2)(A); *Dillon v. United States*, 560 U.S. 817, 821 (2010). Additionally, the amended guideline range must be determined without regard to any departure or variance that a defendant received when originally sentenced – other than a departure for substantial assistance under § 5K1.1. See USSG § 1B1.10, cmts. 1(A) & 3. Applied here, this means that when the court recalculates Smith's guidelines range, it must first back out any departure or variance previously given, unless it was for substantial assistance.

At Smith's 2011 sentencing, the Court determined her total offense level as 39, which, with a criminal history category of III, yielded a guidelines range of 324

to 405 months. Applying Amendment 782 results in an amended total offense level of 37, which, with a criminal history category of III, yields a guidelines range of 262 to 327 months. Given these facts, the Court cannot reduce Smith's sentence. The low end of the amended guideline range – 262 months – is greater than the 240-month sentence she received.

## ORDER

**IT IS ORDERED** that Ms. Smith's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) (Dkt. 177) is **DENIED.**

DATED: December 23, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**