UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA LYNN SMITH,<br><br>Defendant. | Case No. 1:11-cr-00027-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Amanda Lynn Smith's motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). (Dkt. 182.) The Government opposes the motion. (Dkt. 186.) After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

Smith pled guilty to, and was convicted of, conspiracy to distribute methamphetamine. (Dkt. 99, 144.) On October 18, 2011, the Court sentenced Smith to 240 months of incarceration, which was a significant downward variance from the guideline sentencing range of 324 to 405 months. (Dkt. 148, 179.) At the time of sentencing, she reported that she was in "good health."

On March 19, 2013, Smith filed a motion for sentence reduction under 28 U.S.C. § 2255, claiming that she was entitled to a reduction in her sentence based on Amendment 782 to the U.S. Sentencing Guidelines. (Dkt. 177.) The Court denied the motion, finding that application of Amendment 782 yielded a guideline range of 262 to 327 months, which was still greater than the 240 month sentence imposed by the Court. (Dkt. 179.)

On March 25, 2022, Smith filed the motion for compassionate release that is currently before the Court. She is currently incarcerated at the FCI Marianna in Florida, and has a projected release date of February 17, 2028. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed 9/13/2022). At the time she filed the motion, she was 42 years old, and had served approximately 11 years of her 20 year sentence.

## LEGAL STANDARD

To grant compassionate release under 18 U.S.C. 3582(c)(1)(A), a district court must, as a threshold matter, determine whether a defendant has exhausted her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). If the exhaustion requirement is met, the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," *and* the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. *Id.*; *see United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021)

(citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021); *see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Smith contends that her health conditions make her more vulnerable and susceptible to COVID-19 and thus constitute extraordinary and compelling circumstances justifying compassionate release from incarceration. She also contends that her rehabilitation efforts are extraordinary and compelling circumstances justifying compassionate release. Finally, she contends that the § 3553(a) sentencing factors do not weigh against her release.

### A. Smith has fulfilled the exhaustion requirement.

To exhaust her administrative remedies, an inmate must request that the BOP make a motion for compassionate release on her behalf and show either (1) the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf, or (2) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir.

2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

Smith has provided evidence that she exhausted her administrative remedies by requesting that the Warden file a motion for compassionate relief on her behalf, timely appealing from the Warden's decision refusing to do so. (Dkt. 182-1 at 4-7, Def. Exs. 1-3). Accordingly, the Court finds that Smith has exhausted her administrative remedies.

### B. Smith has not demonstrated extraordinary and compelling circumstances.

#### 1. Health Conditions

According to Smith's medical records, she has recurrent herpes zoster (shingles). She has also contracted COVID-19 twice—the first time in 2020, and the second time in August 2021.[1] She has received both Moderna COVID-19 vaccinations and one booster, with the booster received in November 2021, following her second COVID-19 infection. She contends that she became seriously ill when infected with COVID-19, and continues to suffer from the effects of those infections.

The Court does not find these medical conditions to constitute extraordinary

---

[1] Smith asserts in briefing that she contracted COVID-19 the second time in January 2022. However, her medical records indicate that she contracted it the second time in August 2021. Smith also asserts in her reply brief that she suffered from symptoms of COVID-19 a third time, perhaps in January 2022, but that "medical refused to test to confirm."

and compelling circumstances warranting compassionate release. As to shingles, the CDC has confirmed that "[a]bout 1 out of every 3 people in the United States will develop shingles, also known as herpes zoster, in their lifetime. An estimated 1 million people get shingles each year in this country." https://www.cdc.gov/shingles/index.html (last accessed Sept. 13, 2022). The CDC also explains that "[m]ultiple episodes of herpes zoster can occur, but the precise incidence of recurrence is not known." https://www.cdc.gov/shingles/hcp/clinical-overview.html (last accessed Sept. 13, 2022).

 As to reinfections with COVID-19, the CDC notes: "Reinfection with the virus that causes COVID-19 means a person was infected, recovered, and then later became infected again. After recovering from COVID-19, most individuals will have some protection from repeat infections. However, reinfections do occur after COVID-19. We are still learning more about these reinfections." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Sept. 13, 2022). Further, Smith's risk of serious illness if she is reinfected again is significantly decreased due to her vaccination status. According to the CDC, "COVID-19 vaccines work well to prevent severe illness, hospitalization, and death." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html (last accessed Sept. 13, 2022). "Getting a COVID-19 vaccine after having COVID-19

provides added protection to your immune system." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect.html (last accessed Sept. 13, 2022).

Smith also expresses the concern that she may be HIV/AIDs positive and thus have a highly compromised immune system. However, there is nothing in the medical records submitted to the Court to support a finding that Smith has HIV/AIDs. Smith apparently concedes this but contends that she has requested to be tested for HIV/AIDs and that such testing has been refused due to the cost of the tests. Based on the record before it, the Court does not find Smith's concern about, or the lack of testing for, HIV/AIDs to be an extraordinary or compelling circumstance.

Smith asserts that Legionnaires' Disease, her high body mass index (BMI); and her anxiety and post-traumatic stress disorders should be taken into account in determining whether there are extraordinary and compelling circumstances that warrant compassionate release. However, none of these conditions were included in Smith's request for compassionate relief submitted to the Warden. (*See* Dkt. 182-1 at 4-5, Def. Ex. 1.) Thus, her motion for compassionate relief is not exhausted as to these conditions. And, even if these conditions were exhausted, the Court would not find extraordinary and compelling circumstances warranting compassionate release.

As to Legionnaires Disease, Smith contends that she was exposed to Legionnaires in early 2020, while housed at FPC Coleman, but that she "cannot confirm or deny that she was 'infected' " because medical "refused" to confirm whether she was infected "even though she had all the same/similar symptoms" as those that who had Legionnaires. (Dkt. 182 at 7.) Although Smith contends, in her reply brief, that she "contracted" Legionnaires, that contention is contradicted by her admission in her opening brief that she was not diagnosed as having it, and does not know whether she had it. Moreover, the Court has not located anything in Smith's medical records that supports a finding that she was diagnosed with Legionnaires.

As to BMI, although Smith characterizes her BMI as putting her in the "obesity" category, in reality her BMI—which the medical records show as 29.0-29.9—places her at the high end of the "overweight" category and not in the "obese" category. *See* https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html (last accessed Sept. 13, 2022). According to the CDC, "Having obesity increases the risk of severe illness from COVID-19. People who are overweight may also be at increased risk." https://www.cdc.gov/obesity/data/obesity-and-covid-19 (last accessed Sept. 13, 2022). Further, more than 73% of adults over the age of 20 are overweight (including those who are obese), making being

MEMORANDUM DECISION AND ORDER - 7

overweight neither an extraordinary nor compelling circumstance. https://www.cdc.gov/nchs/fastats/obesity-overweight.htm (last accessed Sept. 13, 2022).

As to Smith's anxiety and post-traumatic stress disorders, and other various medical conditions,[2] there is no evidence that these conditions put Smith at elevated risk should she contract COVID-19 again, or that COVID-19 has or will seriously exacerbate these conditions in Smith to the extent that they constitute extraordinary and compelling circumstances.

Finally, the Court notes that FCI Mariana, where Smith is housed, currently has a low infection rate of only two inmates and fifteen staff with confirmed active COVID-19 cases. *See* https://www.bop.gov/coronavirus/ (last accessed Sept. 13, 2022).

In sum, although the Court recognizes that some of Smith's medical conditions may put her at a somewhat increased risk of exacerbated symptoms should she contract COVID-19 again, these conditions do not constitute extraordinary and compelling circumstances warranting compassionate release.

### 2. Rehabilitation Efforts

Smith also contends that her rehabilitation efforts are an extraordinary and

---

[2] The list of Smith's health problems provided by health services in response to Smith's request for compassionate release can be found at Dkt. 186-1 at 113.

compelling circumstance warranting compassionate release. In support, she has submitted evidence that, since she has been incarcerated, she has:

- Completed an apprenticeship for Animal Trainer through the U.S. Department of Labor (2013).
- Fulfilled the requirements of puppy raising through the Puppies Behind Bars program (2013).
- Completed specialized training and vocational training, including in electrical and carpentry.
- Completed multiple education, vocational, and life and work skills courses (2012-2022).

The Court notes that Smith was also assigned, and apparently started and perhaps by now completed, numerous additional assignments/classes (Dkt. 182-1 at 19). She also has not had any incident reports in the last 10 years. (Dkt. 182-1 at 15.)

While the Court acknowledges and appreciates Smith's significant rehabilitation efforts, and strongly encourages her to continue these efforts, the Court does not find these rehabilitation efforts, on their own or in combination with Smith's health conditions, sufficient to render her circumstances extraordinary and compelling.

**MEMORANDUM DECISION AND ORDER - 9**

### C.   Smith has not shown that the § 3553(a) factors weigh in favor of release.

The Court also finds that the 18 U.S.C. § 3553(a) sentencing factors weigh against compassionate release. Smith not only committed a serious drug crime but also received an increase in her guideline range because she possessed a firearm, was an organizer of the criminal activity, and obstructed justice. At sentencing, the Court granted a significant downward variance from the sentencing guideline range, and found that the 240 month/20 year sentence was necessary to reflect the seriousness of the offense, promote respect for the law, and provide for just punishment.

Under *Pepper v. United States*, 562 U.S. 476, 490-93 (2011), the Court must consider post-offense developments—such as evidence of rehabilitation and medical conditions—in its § 3553(a) calculus.

As discussed above, the Court recognizes that Smith has some medical conditions that may exacerbate her risk if she is reinfected with COVID-19. The Court also recognizes that Smith has engaged in significant rehabilitation efforts during her 11 years of incarceration, and that these efforts may help to diminish somewhat the risk of recidivism and the risk to "the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

However, the Court does not find these medical conditions and rehabilitation

efforts sufficient to overcome other § 3553(a) factors. For example, Smith has not demonstrated how her release now, after she has served only 11 years of the 20 year sentence, would reflect the seriousness of her offense, promote respect for the law, or provide just punishment for her offense. *See* 18 U.S.C. § 3553(a)(2)(A). Nor has she demonstrated how her release would "afford adequate deterrence to criminal conduct." *See* § 3553(a)(2)(B).

Under these circumstances, the Court will deny Smith's motion for compassionate release.

## ORDER

IT IS ORDERED that Defendant Amanda Lynn Smith's motion for compassionate release (Dkt. 182) is DENIED.

DATED: September 29, 2022

B. Lynn Winmill
U.S. District Court Judge