UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA LYNN SMITH,<br><br>Defendant. | Case No. 1:11-cr-00027-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's letter docketed as a Motion to Clarify (Dkt. 219) and her letters (Dkts. 215 and 246) raising questions about her Presentence Report and requesting that it be sent to "R&D" at her place of incarceration.

## BACKGROUND

On August 1, 2011, Defendant pleaded guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine in

MEMORANDUM DECISION AND ORDER - 1

exchange for dismissal of a charge of distributing 50 grams or more of a mixture and substance containing methamphetamine. *Amended Rule 11 Plea Agreement*, Dkt. 104; *Minute Entry*, Dkt. 106. On October 17, 2011, the Court imposed a below-guideline sentence of 240 months (based on a guideline range of 324-405 months). *Sentencing Minutes*, (Dkt. 147); *Judgment*, (Dkt 148). She is currently serving her sentence at FCI Marianna with a projected release date of February 17, 2027.

## DISCUSSION

1.   **Motion to Clarify – Dkt. 219**

In her Motion to Clarify, Defendant wants an explanation for why the docket indicates that she was terminated on October 18, 2011, given that she is still in prison. Defendant also appears to state that she does not have a "profile" that fits her original charge for purposes of First Step Act credits.

Defendant herself was not terminated. Rather, the case against her was administratively terminated the day after Judgment was entered pursuant to the Court's usual practice. Administrative termination has no effect on a sentence. The charge to which she pleaded guilty was conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The distribution charge noted above was dismissed. It is unclear what further information Defendant is requesting.

**MEMORANDUM DECISION AND ORDER - 2**

The First Step Act of 2018 was enacted December 21, 2018, amending 18 U.S.C. § 3624, in part, to add a provision creating a system of earned time credits based on a "risk and needs assessment system" to review prisoners' recidivism risk. *Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). The Court can only assume that Defendant's reference to her profile pertains to such an assessment. Any profile would be prepared by the Bureau of Prisons. The Court does not do so.

**2.      Letter Requests – Dkts. 215 and 246**

Reading these two letters together, Defendant appears to be requesting that a copy of her Presentence Report be sent to "camp Records" or to "R&D." The Court assumes that she is referring to a Receiving and Discharge team at the facility where she is currently incarcerated. She also appears to be saying that they have Co-Defendant Aron Gonzales' Presentence Report instead of hers and/or that certain information is missing from her Presentence Report regarding her education and children.

The Presentence Report identifies her children in Paragraphs 74, 75, and 76. Paragraph 83 does state that Defendant received her General Education Diploma at the age of 17 although it does not mention that it was through Boise State University. Paragraph 83 also states that her educational records had been requested. Apparently, records supporting her attendance in a pharmacy tech school program were not received. If that information is necessary for any reason,

**MEMORANDUM DECISION AND ORDER - 3**

Defendant can request the records from the educational institutions where she studied.

It is highly unlikely that the Bureau of Prisons does not have a copy of her Presentence Report. According to District of Idaho Probation and Pretrial Services, the Presentence Report was sent to the Bureau of Prisons via eDesignate on October 20, 2011, included in a referral packet to become part of Defendant's official record. That referral packet would have included the Judgment and Statement of Reasons for the sentence.

Defendant also states that a "violent charge" was applied to her case in May of 2021 to prevent her "from receiving the Cares Act." She believes that the Presentence Report will show that she did not participate in an armed kidnapping that was apparently the basis for the "violent charge." In fact, the Presentence Report *did* conclude that she had participated. However, the Statement of Reasons accompanying the Judgment clearly indicates on page four that the Court did not agree with the Presentence Report on that point and did not hold her accountable for the kidnapping. Because of that disagreement, the Court imposed a sentence well below the guideline range recommended by the Presentence Report.

Defendant should provide a copy of this Memorandum Decision and Order to her Receiving and Discharge representative, Unit Manager, or other appropriate prison official and request that he or she directly contact District of Idaho

**MEMORANDUM DECISION AND ORDER - 4**

Probation and Pretrial Services to obtain a copy of the Presentence Report and Statement of Reasons, if necessary. The request should be sent to:

> District of Idaho Probation and Pretrial Services
> United States Courthouse
> 550 W. Fort Street, Suite 458
> Boise, ID 83724

## ORDER

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Clarify (Dkt. 219) is **GRANTED** to the extent that the Court responded to her question regarding termination and identified the charge of conviction.

2. Any request by prison officials for a copy of Defendant's Presentence Report and Statement of Reasons shall be made directly to the District of Idaho Probation and Pretrial at the address provided above.

DATED: April 2, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5